IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | 01-457-3 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD POTTS | : | |

**MEMORANDUM AND ORDER**

Before the court is Defendant Richard Potts' pro se Motion for Grand Jury Proceedings

(Docket No. 572).  In his motion, Defendant apparently seeks to challenge his federal indictment,

conviction, and/or sentence on the ground of prejudice and discrimination in the Grand Jury

process.  Defendant also seeks information on the composition of the Grand Jury, Grand Jury

transcript, and other related Grand Jury documents, pursuant to Rule 6 of the Federal Rules of

Criminal Procedure, to support his challenge.  Additionally, he requests an evidentiary hearing,

appointment of counsel, and the provision of expert witness(es).

The court DENIES WITHOUT PREJUDICE all relief sought in Defendant's motion for

the reasons that follow.  The court treats the instant motion as an attempt to petition the court for

a writ of habeas corpus and provides Defendant with an opportunity to refile his motion as a

petition for habeas corpus or to withdraw or amend his motion.  The court's order should not be

construed as an expression of approval of Defendant's claims or requests for relief.


1.     The Writ of Habeas Corpus Generally

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as

"AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from custody. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

By means of AEDPA, Congress provided that, in the context of a petitioner who is in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2255 (and not pursuant to 28 U.S.C. §2241) for constitutional attacks on the *imposition* of a federal conviction and/or a federal sentence.  Okereke, 307 F.3d at 120; Cradle v. United States ex rel Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); Coady, 251 F.3d at 485-86; In re Dorsainvil, 119 F.3d at 249-52.  Through AEDPA, Congress provided that, in the context of a petitioner in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2241 (and not pursuant to 28 U.S.C. §2255) for attacks on the constitutionality of the *execution* of a federal sentence (that do not attack the *imposition* of a federal conviction and/or federal sentence).  Id.

By means of AEDPA, Congress also intentionally created a series of restrictive gate-keeping conditions that must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus.  One such restrictive gate-keeping condition is AEDPA's

strict and short statute of limitations.  Another one of these restrictive gate-keeping conditions is AEDPA's "second or successive rule," which generally forbids a litigant from filing a 28 U.S.C. §2255 habeas if that litigant had a prior 28 U.S.C. §2255 habeas (attacking the same federal conviction and/or sentence) which was dismissed with prejudice.

2.      <u>Recharacterization of Defendant's Motion as a Petition for Habeas Corpus</u>

A federal court may recharacterize a motion by a <u>pro se</u> litigant to place it within a different legal category.  <u>United States v. Castro</u>, 540 U.S. 375, 381 (2003); <u>In re Wagner</u>, 421 F.3d 275, 277 (3d Cir. 2005).  It is unclear whether Defendant seeks to petition the court for a writ of habeas corpus pursuant to 28 U.S.C. §2241 or 28 U.S.C. §2255.  In his motion, he raises the sole claim that allegedly justifies relief, namely, discrimination in the Grand Jury process. This is clearly a claim that the rights guaranteed to Defendant under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution have been violated by the imposition of his federal conviction and/or sentence.

In the instant case, Defendant attacks the constitutionality of the imposition of the sentence of imprisonment upon him.  Accordingly, the instant petition seeks relief that theoretically is only available pursuant to 28 U.S.C. §2255, and not 28 U.S.C. §2241.  <u>See</u> <u>Okereke</u>, 307 F.3d at 120; <u>Coady</u>, 251 F.3d at 485-86; <u>In re Dorsainvil</u>, 119 F.3d at 249-52.  That relief pursuant to 28 U.S.C. §2255 may possibly be barred pursuant to AEDPA's second or successive rule or pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.  <u>Okereke</u>, 307 F.3d at 120; <u>In re Dorsainvil</u>, 119 F.3d at 251.

3

This court may not re-characterize a pro se motion as a 28 U.S.C. §2255 petition, or a

document that is purportedly seeking 28 U.S.C. §2241 relief as a 28 U.S.C. §2255 petition,

without first:

    1.     notifying the petitioner that the court believes it is really a §2255 petition

                purporting to be something else, and that the court intends to recharacterize the

                pleading as §2255 petition;

    2.     warning the petitioner of all of the ramifications of AEDPA (including, but not

                limited to, the AEDPA statute of limitations, as well as the second or successive

                rule created by AEDPA);

    3.     getting permission from the prisoner to re-characterize the petition as a 28

                U.S.C. §2255 petition; and

    4.     informing the petitioner that he also has the option to voluntarily withdraw or

                amend his submission so that it contains all the §2255 claims he believes he has.

United States v. Castro, 540 U.S. at 377, 383; In re Wagner, 421 F.3d at 278; United States v.

Miller, 197 F.3d 644, 652 (3d Cir. 1999)

Assuming that Defendant consents to the aforesaid recharacterization, then pursuant to

Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. §2255 Proceedings in the

United States District Courts, this petition was not filed with the requisite *current* standard 28

U.S.C. §2255 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate

of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2255

habeas cases is necessary so as to guarantee that the defendant is made aware of the specific

warnings required from this district court at the commencement of any 28 U.S.C. §2255 habeas

case pursuant to <u>United States v. Thomas</u>, 221 F.3d 430, 436 (3d Cir. 2000) (relating to the strict

and short statute of limitations that exists for filing a 28 U.S.C. §2255 petition), and <u>Miller</u>, 197

F.3d at 652 (relating to the strict restrictions on filing a second or successive 28 U.S.C. §2255

petition).  These specific <u>Thomas</u> and  <u>Miller</u> warnings are contained in the introductory text of

this court's  aforesaid current standard §2255 form.  Because all district courts within the Third

Circuit are required to give petitioners in §2255 cases these <u>Thomas</u> and <u>Miller</u> warnings at the

time of filing, this court cannot waive the form requirements of Local Civil Rule 9.3(a).

   Accordingly, this 18th day of July 2007, it is hereby **ORDERED** as follows:

1.   Defendant's <u>pro se</u> Motion for Grand Jury Proceedings (Docket No. 572) is
     DENIED WITHOUT PREJUDICE.

2.   The Clerk of Court shall furnish Defendant with a blank copy of this court's
     current standard form for filing a petition pursuant to 28 U.S.C. §2255.  The Clerk
     of Court shall issue a civil action number for any petition under 28 U.S.C. §2255
     filed by Defendant.

3.   Defendant shall notify this court within sixty (60) days whether he consents to the
     reclassification of his motion as a 28 U.S.C. §2255 petition, and, that if he does
     consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2255
     form and return it to this court.

4.   Any 28 U.S.C. §2255 form filed by Defendant within sixty (60) days shall be
     deemed filed as of the date of filing of the instant motion.

5.   If he does not consent to reclassification of his motion as a 28 U.S.C. §2255
     petition, Defendant shall withdraw or amend the instant motion within sixty (60)

days.

6.  Defendant is formally placed on notice that if he proceeds as a 28 U.S.C. §2241

petition, his petition shall be dismissed without prejudice for seeking relief that is

not available pursuant to 28 U.S.C. §2241.


BY THE COURT:


S/ James T. Giles
J.