IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | 01-457-3 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD POTTS | : | |

### ORDER AND MEMORANDUM

AND NOW, this ____ day of _____, 2007, upon consideration of Defendant Richard Potts' pro se "Motion to Withdraw Voluntarily as Judge or to Recuse for Violations of 28 U.S.C. §§ 144, 176, 177, 453, and 455" (Docket No. 580), it is hereby ORDERED that the aforesaid motion is DENIED as untimely, lacking legal sufficiency, and legally frivolous, for the following reasons.

**1.     Defendant's Motion Pursuant to 28 U.S.C. § 144 Is Denied.**

Defendant's motion under 28 U.S.C. § 144, seeking the recusal of this judge for bias or prejudice, is DENIED as untimely <u>and</u> because the allegations in Defendant's "declaration" are insufficient to establish bias or prejudice against Defendant.  Recusal motions pursuant to Section 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice" toward the moving party.  <u>United States v. Rosenberg</u>, 806 F.2d 1169, 1173 (3d Cir. 1986).

Section 144 requires that the affidavit must be "filed not less than ten days before the

beginning of the term at which the proceeding is to be heard." 28 U.S.C. § 144. Such a motion generally "must be filed at the first opportunity after discovery of the facts tending to prove disqualification." Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 915 (4th Cir. 1989). "A disqualification motion [pursuant to § 144] filed after trial and judgment is usually considered untimely unless good cause can be shown for the delay, for otherwise a party alleging bias would always await judgment in the hopes of a favorable decision." Rosenberg, 806 F.2d at 1173 n.3.

Defendant's motion pursuant to Section 144 has been filed several years after the trial and judgment, and therefore is untimely. The trial of Defendant concluded on March 28, 2003, when he was convicted by a jury of conspiracy to distribute cocaine base and of murder in furtherance of a continuing criminal enterprise and aiding and abetting. Upon remand from the Third Circuit Court of Appeals, which affirmed Defendant's conviction, he was re-sentenced on October 20, 2005. His appeal of the amended judgment is currently pending before the Third Circuit.

The court rejects Defendant's argument that he has good cause for not raising his claims during trial because he received ineffective assistance of counsel. Even assuming arguendo that Defendant's counsel was ineffective, which cannot be construed as an expression of approval of Defendant's claims, Defendant does not show good cause why he waited over four years since the close of trial to present his pro se claims now. Defendant does not present any new legal or factual developments to justify his egregious delay, and his claims rely on events that occurred during trial, to which he has always had access. Defendant not having shown good cause, the court concludes that his motion is untimely.

Even if Defendant's motion were timely, it lacks the substantive requirements of legal

sufficiency.  Although the factual allegations in a timely affidavit filed pursuant to Section 144 must be accepted as true, conclusory statements and opinions are not credited.  <u>United States v. Vespe</u>, 868 F.2d 1328, 1340 (3d Cir. 1989).  In deciding such a motion, a court must only examine the legal sufficiency of the facts and recusal is required "if they give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."  <u>Id.</u> (quotation and citation omitted).  "Only bias which is personal or extrajudicial in nature is disqualifying." <u>Id.</u> (citation omitted).  An extrajudicial source is one outside of the official proceedings, as opposed to "facts which the judge learned from his participation in the case."  <u>United States v. Bertoli</u>, 40 F.3d 1384, 1412 (3d Cir. 1994); <u>Rosenberg</u>, 806 F.2d at 1173.  To justify recusal where a party does not cite to extrajudicial sources, "the Judge's opinions and remarks must reveal a 'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible.'"  <u>United States v. Wecht</u>, 484 F.3d 194, 213-214 (3d Cir. 2007) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555-56 (1994)).

      The basis for Defendant's motion, as stated in his "declaration," is the following: "I strongly feel that Judge James T. Giles was bias [sic] towards me during my trial proceedings because he constantly lead [sic] the prosecution in its direct examination of multiple witnesses, he also interrupted my attorney Howard Pepper [sic] on different occasions throughout the cross-examination of multiple witnesses."  The court does not credit Defendant's opinions and conclusory statements.  <u>See</u> <u>Vespe</u>, 868 F.2d at 1340.  The court further notes that the factual allegations cited in support of the above claims do not reference extrajudicial sources and instead attack the manner of the trial proceedings.  (<u>See</u> Def.'s Mot. to Withdraw Voluntarily as Judge 8-10.)  The trial transcript excerpts provided by Defendant in support of his argument reveal only

the court's efforts toward clarifying questions asked and responses elicited in order to ensure the integrity and efficiency of the judicial process. (See id.) The attorneys conducted the examination of trial witnesses. The court's questions were not "made with any purpose other than determining what actually happened." See Vespe, 868 F.2d at 1341. Further, a transcript excerpt cited by Defendant relates to the conduct of "Blade," who according to the evidence was not this Defendant or any co-defendant on trial. (See Trial Tr. vol. 2, 62-63, Mar. 17, 2003.) Thus, Defendant's allegations in no way demonstrate a "'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible" and are not legally sufficient. See Wecht, 484 F.3d at 213-214.

Defendant, who is Muslim, also argues that this court is prejudiced against Muslims and made statements associating Defendant with the war in Iraq in order to make him appear as if he is a "terrorist."[1] (See Def.'s Mot. to Withdraw Voluntarily as Judge 11.) He states in his "declaration": "I feel that Judge James T. Giles prejudiced me when he instructed the Jury during trial on March 18, 2003 that the war against Iraq was in some way a form of evidence against me simply because I am Muslim." In alleged support of this assertion, Defendant refers to instructions and admonitions given to the jury relative to the continuation of court proceedings should anti-war demonstrations occur in the vicinity of the courthouse if war broke out in Iraq. (See Def.'s Mot. to Withdraw Voluntarily as Judge 10-11; Trial Tr. vol. 1, 200-01, Mar. 18, 2003.) The jury was told that such demonstrations would not disrupt trial proceedings. (Id.) These words in no way show any form of bias against Muslims in general or Defendant, in

---

[1] The trial record is silent as to Defendant's religion. The Muslim religion was not mentioned and religion, in general, was not at issue in the trial.

particular, nor do they draw any association between Defendant, Iraq, terrorism, or Muslims. The admonitions address pragmatic concerns that even peaceful demonstrations might temporarily block traffic and access to the courthouse. The admonitions were meant to reassure the jury that the trial would not be affected and to emphasize that the jurors must not be affected. No objection was made to this instruction because the instruction was necessitated by the circumstances presented.

This court expressly admonished the jury to remain impartial and not to be affected by the aforementioned events: "When you deliberate in this case, you are to exclude from deliberations everything that is not evidence, including whatever might be happening in the world outside of this case. . . . So focus upon your duty in this case. . . . Keep an open mind." (Trial Tr. vol. 1, 200-01, Mar. 18, 2003.) Considering the various jury charges as a whole, Defendant's right to a fair trial was protected, not prejudiced.

Because Defendant's allegations do not lend any "support to the charge of a bent of mind that may prevent or impede impartiality of judgment," they are not legally sufficient and the motion under Section 144 must be denied. See Vespe, 868 F.2d at 1340.

**2.      Defendant's Motion Pursuant to 28 U.S.C. § 455 Is Denied.**

Defendant's motion under 28 U.S.C. § 455, seeking the disqualification of this judge for bias or prejudice, is DENIED. Defendant has presented naked claims of bias and prejudice. Sections 455(a) and (b)(1) are relevant to these claims and are applied. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might be reasonably questioned." In re Kensington, 353 F.3d 211,

220 (3d Cir. 2003). Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

For the reasons discussed above, a reasonable person with knowledge of the facts would not conclude that this court's impartiality could be reasonably questioned. Also as discussed above, the factual allegations do not reveal any "personal bias or prejudice concerning" Defendant or "any personal knowledge of disputed evidentiary facts concerning the proceeding." See 28 U.S.C. § 455(b)(1). The court's inquiries during trial with the purpose of clarifying questions and answers, and statements to the jury addressing practicalities relating to possible anti-war demonstrations occur around the courthouse are not facts that would lead a reasonable person to question the court's impartiality.

**3.    Defendant's Motion Pursuant to 28 U.S.C. §§ 176, 177, and 453 Is Denied.**

Defendant's motion under 28 U.S.C. §§ 176 (removal from office of a judge of the United States Court of Federal Claims), 177 (disbarment of a removed judge of the United States Court of Federal Claims), and 453 (oaths of justices and judges) is DENIED as legally frivolous.

BY THE COURT:

    S/ James T. Giles
                  J.