# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| RICHARD POTTS | NO. 01-457-3 |

DuBois, J.  October 24, 2018

## M E M O R A N D U M

## I. INTRODUCTION

This is a *pro se* motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651 and the common law writ of *audita querela* brought by a federal prisoner, Richard Potts ("defendant") (Document No. 791). The motion, filed on June 4, 2018, seeks a resentencing hearing and a recalculation of the $2.4 million forfeiture judgment against him in light of the Supreme Court decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). Defendant's motion is denied on the ground that the Supreme Court decision in *Honeycutt* does not apply retroactively to final forfeiture judgments, and defendant's conviction became final almost ten years before *Honeycutt* was decided.

## II. BACKGROUND

### A. Facts and Procedural History

On March 27, 2003, defendant was convicted of conspiracy to distribute cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 846, and murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). He was thereafter sentenced to a term of life imprisonment. Defendant's sentence and conviction arise from his role in a large-scale cocaine and crack distribution organization. Specifically, defendant was "co-owner" of the organization's operation at the corner of Wardoff and Cambria streets in

Philadelphia, Pennsylvania, for sixteen months. Defendant's conviction became final on December 25, 2007, when the time for seeking certiorari review expired. *See Kapral v. United States*, 166 F.3d 565, 570-72 (3d Cir. 1999). Defendant has also unsuccessfully filed motions for post-conviction relief.[1]

At defendant's sentencing on July 16, 2003, the Court imposed a forfeiture judgment of $2.4 million based on the amount of money received by the street corner drug distribution organization over which defendant was co-owner. Defendant's current motion seeks relief from the $2.4 million forfeiture judgment on the ground that the forfeiture calculation relied upon a theory of joint and several liability rendered invalid in *Honeycutt,* issued on June 5, 2017—almost ten years after defendant's conviction became final.

Defendant filed his motion on June 4, 2018. The government responded on August 14, 2018, and defendant's reply was received on September 4, 2018. The motion is thus ripe for review.

### III. APPLICABLE LAW

#### A. All Writs Act

Defendant seeks the remedy of the writ of *audita querela* under the All Writs Act. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). "The common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Id.* (quoting *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990)). Circuit courts have determined that common-law

---

[1] A detailed history of the case is set forth in this Court's Order of May 18, 2016, denying *pro se* defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(O).

writs "can be used to the extent that they 'fill in the gaps' in post-conviction remedies." *United States v. Henry*, No. 06-33-02, 2014 WL 12716580, at *3 (E.D. Pa. Feb. 26, 2014) (quoting *United States v. Hannah*, 174 F. App'x 671, 673 (3d Cir. 2006)).

Because *audita querela* is an "extraordinary remedy," it is "appropriate only in compelling circumstances." *See United States v. Georgiou*, No. 09-88, 2018 U.S. Dist. LEXIS 102662, at *12 (E.D. Pa. June 19, 2018) (quoting *United States v. Watkins*, 440 F. App'x 643, 645 (10th Cir. 2011)); *see also United States v. Zuckerman*, 367 F. App'x 291, 294 (3d Cir. 2009); *Rawlins v. Kansas*, 714 F.3d 1189, 1193 (10th Cir. 2013) ("[A]*udita querela*, if available, must be brought on "legal" rather than "equitable" grounds. In other words, the petitioner must show something like an intervening change in law, rather than simply argue that the collateral consequences of the conviction have turned out to be unduly harsh." (internal citation omitted)). The writ of *audita querela* is only available "where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means." *Muirhead v. Attorney Gen. of U.S.*, 262 F. App'x 473, 474 (3d Cir. 2008).

**IV.   DISCUSSION**

In his Motion Pursuant to the All Writs Act 28 U.S.C. §1651, Audita Querela, defendant argues that the *Honeycutt* decision—which rendered invalid certain criminal forfeiture calculations based on joint and several liability—announced an intervening change in the law that should apply retroactively to his case in order to prevent a "serious miscarriage of justice."[2] Def. Mot. All Writs Act 4.  Defendant contends that the Court should grant relief in the form of resentencing and forfeiture recalculation because (1) *Honeycutt* presents a valid legal objection

---

[2] As it must, the Court construes *pro se* defendant's Motion and Reply liberally. *See United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

3

based on an intervening change in the law; (2) the change in law arose after defendant's judgment had been entered; and (3) defendant has no alternative means for redress.[3]

The Court concludes that *Honeycutt* does not provide a ground for relief based on an intervening change in the law because defendant's conviction became final prior to the *Honeycutt* rule; and the *Honeycutt* rule does not apply retroactively to convictions that became final prior to its adoption. Thus, the Court denies defendant's motion for resentencing and recalculation of his forfeiture judgment.

### A. Forfeiture Judgment in Light of *Honeycutt*

Defendant contends that in light of *Honeycutt*, he was ordered to forfeit "at least 1.5 million dollars in [ex]cess of the attributable amount actually acquired" in reliance on the overturned precedent set forth in *United States v. Pitt*, 193 F.3d 751, 765 (3d Cir. 1999). Def. Mot. All Writs Act 3. In *Honeycutt*, the Supreme Court held that under 21 U.S.C. § 853, the criminal forfeiture statute governing narcotics offenses, a defendant may not "be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." *Honeycutt*, 137 S. Ct. at 1630. Defendant contends that because the Court calculated his $2.4 million forfeiture judgment based on the total drug proceeds from the street corner drug distribution organization over which he was "co-owner," and the judgment included money received by his co-owner that defendant did not "acquire," the forfeiture judgment is invalid under *Honeycutt*. As a result, defendant urges the Court to recalculate the

---

[3] The Court notes that relief against a forfeiture judgment is not available under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in cases where a defendant only challenges a non-custodial forfeiture judgment. *See United States v. Georgiou*, No. 09-88, 2018 U.S. Dist. LEXIS 102662, *12 (E.D. Pa. June 19, 2018) ("Congress has not authorized a collateral attack on final forfeiture through either a motion to vacate under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241."); *see also United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("Our own precedent holds that the monetary component of a sentence is not capable of satisfying the "in custody" requirement of federal habeas statutes.").

4

forfeiture judgment in order to determine the sum actually attributable to him under current precedent.

The Court rejects the applicability of *Honeycutt* pursuant to the Supreme Court decision in *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court held that "new . . . rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," including cases under collateral review. *Id.* at 311. A rule is new if it "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). A new rule may apply retroactively in a collateral proceeding only if: (1) the rule is substantive, meaning that it "alters the range of conduct or the class of persons that the law punishes," *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004); or (2) "the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (alteration in original) (quoting *Teague*, 489 U.S. at 311); *see also Tyler v. Cain*, 533 U.S. 656, 665 (2001). The *Honeycutt* rule is not subject to either exception.

This Court addressed the question of *Honeycutt*'s retroactive applicability in *United States v. Ortiz*, No. 11-251-08, 2018 WL 3304522, at *8 (E.D. Pa. July 5, 2018), and concluded that *Honeycutt* announced a new rule and that it was not subject to either *Teague* exception that permitted retroactive application on collateral review of a final conviction:

> The rule in *Honeycutt* was not dictated by existing precedent and constituted a new rule. Because *Honeycutt* was decided on June 5, 2017, after defendant's conviction became final, it is applicable to defendant's case only if it is subject to the "substantive" or "watershed rule" exceptions to *Teague*.
> Neither of those exceptions applies to this case. The rule in *Honeycutt* is not substantive because it did not alter the range of conduct punished by federal law, but decided only whether joint and several liability could be imposed as a consequence of that conduct. Likewise, the *Honeycutt* rule is not a "watershed rule." The Supreme Court has stated that the decision in *Gideon v. Wainwright*, 372 U.S. 335 (1963), "illustrate[s] the type of rule coming within the exception" to *Teague* for watershed rules. The rule in *Honeycutt* merely clarifies the interpretation of a criminal forfeiture statute, falling

5

> well short of the *Gideon* benchmark. *Teague* thus bars application of *Honeycutt* to this case.

*Ortiz*, No. 11-251-08, 2018 WL at *8 (internal citations omitted).

The *Ortiz* analysis applies to the present case. Defendant's conviction became final almost ten years prior to the June 5, 2017 *Honeycutt* decision, and *Honeycutt* announced a new rule. Under *Teague*, the new *Honeycutt* rule could be applied to defendant's case only if it was subject to the "substantive" or "watershed rule" exceptions. However, the rule announced in *Honeycutt* is not substantive because it did not alter the range of conduct punished by federal law, and is not a watershed rule because it merely clarifies the interpretation of a criminal forfeiture statute. The Court thus concludes that *Honeycutt* announces a new rule that is neither "substantive" nor "watershed," and *Teague* bars the application of *Honeycutt* to this case. *Ortiz*, 2018 WL 3304522, at *8; *see also United States v. Filice*, No. 13-8-11, 2018 WL 2326616, at *3 (E.D. Ky. May 22, 2018) (holding that the *Honeycutt* rule does not apply retroactively because it is not a substantive or watershed rule of criminal procedure); *United States v. O'Neal*, No. 3:08-00107, 2018 WL 3543050, at *2 (E.D. Tenn. July 23, 2018) (same).

Because *Teague* does not permit a collateral attack on the final forfeiture judgment against defendant based on the *Honeycutt* decision, defendant has not provided a valid legal objection as required for a writ of *audita querela* under the All Writs Act. As such, the Court declines to extend the "extraordinary remedy" of *audita querela* to defendant. *See United States v. Georgiou*, No. 09-88, 2018 U.S. Dist. LEXIS 102662 at *5, 13 ("[N]either Congress nor the Federal Rules of Criminal Procedure provide such a basis for collateral review of a final order of forfeiture, and we do not want to overstep by creating such an avenue through applying the extraordinary writ of *audita querela*.").

The Court's decision to not extend the writ of *audita querela* is bolstered by numerous post-*Honeycutt* cases holding that there is no legal basis for disturbing a final order of forfeiture

6

based on *Honeycutt*. *See United States v. Alquza*, 722 F. App'x 348, 349 (4th Cir. 2018); *United States v. Yancey*, 707 F. App'x 342, 344 n.1 (6th Cir. 2017); *United States v. Purify*, No. 13-00028-29, 2017 WL 4875296, at *2 (N.D. Okla. Oct. 25, 2017).

Finally, this Court's decision is consistent with the reasoning in *United States v. Crews*, No. 2:10-00663 (ECF Document No. 628). The *Crews* court granted a defendant's motion for reconsideration of a final forfeiture judgment brought under the All Writs Act in light of the *Honeycutt* decision. However, the *Crews* court explicitly distinguished its decision from prior cases on the ground that the forfeiture order in *Crews* "had been final only for a term of months, not years, before *Honeycutt* was decided." *Id*. In contrast, defendant's conviction in this case was final for nearly ten years when *Honeycutt* was decided. Thus, even under *Crews*'s reasoning, disturbing a final order of forfeiture through a writ of *audita querela* would be inappropriate in the present case.[4]

### V.     CONCLUSION

Because defendant's conviction became final prior to the *Honeycutt* decision, and *Honeycutt* announces a new rule not subject to the substantive or watershed rule exceptions under *Teague*, defendant has not provided a valid legal objection to his final forfeiture judgment. Accordingly, defendant's motion is denied. An appropriate Order follows.

---

[4] In light of the Court's ruling that defendant does not provide a valid legal objection based on the *Honeycutt* decision, the Court does not address the remainder of the government's arguments.